UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    MOHAMMAD KHALID KHAN          )    Case No. 09-20056-SSM
                                          )    Chapter 13
                Debtor          )

**MEMORANDUM OPINION**

Although no objections have been filed, and the chapter 13 trustee has recommended confirmation of the debtor's modified plan, the court has raised on its own motion whether a "chapter 20" debtor who is not entitled to a discharge because he received a chapter 7 discharge only one day prior to filing the present case, can confirm a chapter 13 plan that contemplates the "strip off" of a wholly unsecured second deed of trust against his residence. A hearing was held on June 9, 2010, at which the court heard argument from the debtor's attorney. Although the court is doubtful that such a strip-off is proper when the debtor is not entitled to a discharge—and, moreover, is not the sole owner of the property—the court concludes that a ruling on that issue is premature, since the strip-off would be accomplished in a separate adversary proceeding, not by plan confirmation. Accordingly, the court will confirm the plan and defer resolution of the strip-off issues until an adversary proceeding is filed.

Background

Mohammad Khalid Khan ("the debtor") filed a voluntary petition in this court on December 9, 2009, for adjustment of his debts under chapter 13 of the Bankruptcy Code. The case was filed one day after he was issued a discharge in a chapter 7 case (Case No. 09-16519-

1

RGM) he had filed in this court on August 12, 2009, and in which the chapter 7 trustee had filed a report of no distribution. Because their claims were all discharged in the chapter 7 case, there are no unsecured creditors scheduled in this case, and the only listed creditors are the holders of the first and second lien deeds of trust against the debtor's residence located at 8101 Old Pohick Court, Lorton, Virginia. The schedules list the property as being owned as tenants by the entirety with the debtor's wife and as having a value of $250,000, subject to a first lien deed of trust in favor of Ocwen in the amount of $368,000[1] and a second lien deed of trust in favor of Green Tree Servicing in the amount of $91,550.

After his initial plan was denied confirmation, the debtor filed the plan that is currently before the court on March 18, 2010. It requires him to pay the trustee $100 per month for 12 months, then $595 per month for 48 months, for total plan funding of $29,760. From this the trustee would pay his own statutory commission, $2,500 in fees to the debtor's attorney, and $23,741 in arrears on the Ocwen mortgage (with the debtor making the ongoing payments in the contract amount). The plan provides that a separate adversary proceeding will be brought to "strip-off" the Green Tree second deed of trust, with no payment being made to it on account of its claim. Green Tree Servicing, although given notice of the plan and the intended treatment of its claim, has not filed an objection to confirmation.[2] By separate order (Doc. # 24), the court has ruled that the debtor is not entitled to a discharge.

---

[1] Ocwen Federal Bank FSB as servicer for RWPO III, LLC, had been granted relief from the automatic stay on October 1, 2009, in the chapter 7 case.

[2] "Bank of America/Green Tree Servicing, LLC" has, however, filed a proof of claim (Claim No. 2) in the amount of $94,105.76.

2

Discussion

A.

Even in the absence of an objection, a bankruptcy court has an independent duty to ensure that a chapter 13 plan meets the statutory requirements for confirmation. *U.S. v. Easley*, 216 B.R. 543, 544 n.1 (W.D. Va. 1997); *In re Bowles*, 48 B.R. 502, 505 (Bankr. E.D. Va. 1985); *see also United Student Aid Funds, Inc. v. Espinosa*, — U.S. —, 130 S.Ct. 1367, 1381 n.14 (2010) ("Section 1325(a) . . . *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue.") (emphasis in original). Because chapter 7 and chapter 13 represent different paradigms of debtor relief—debt forgiveness as opposed to debt repayment—a chapter 7 case closely followed by a chapter 13 filing—commonly referred to as a "chapter 20" case—will often raise questions as to whether the debtor is attempting to manipulate or abuse the bankruptcy system. As this court has previously noted, the Supreme Court's opinion in *Johnson v. Home State Bank*, 501 U.S. 78, 86, 111 S.Ct. 2150, 2155-56,115 L.Ed.2d 66 (1991), while hardly a ringing endorsement of chapter 20 filings, expressly held that chapter 13 relief was not "categorically" foreclosed to a debtor whose personal liability on secured obligations had been discharged in a prior chapter 7 case. *In re Cushman*, 217 B.R. 470, 474 (Bankr. E.D. Va. 1998). As this court further observed, however:

> While it is clear that chapter 20s are not prohibited *per se*, such cases are not favored and must be closely scrutinized. *Downey Savings and Loan Association v. Metz* (*In re Metz*), 67 B.R. 462, 466 (Bankr. 9th Cir. 1986), *aff'd*, 820 F.2d 1495 (9th Cir. 1987); *Gelletich v. Household Realty Corp.* (*In re Gelletich*), 167 B.R. 370, 378-79 (Bankr. E.D. Pa. 1994); *In re Sunderland*, 157 B.R. 39, 41-43 (Bankr. M.D. Fla. 1993); *In re Warner*, 115 B.R. 233, 245 (Bankr. C.D. Cal. 1989). Courts have recognized that a debtor who goes through the chapter 20 process can thereby potentially obtain the benefits of both chapter 7 and chapter

> 13 while circumventing at least some of their burdens. *Metz*, 67 B.R. at 465; *Sunderland*, 157 B.R. at 41-42.

*Cushman*, 217 B.R. at 476 (footnote omitted). At the time *Cushman* was written, there was no statutory limitation on discharge in a chapter 13 case based on prior receipt of a chapter 7 discharge. That changed with enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA"), which, among other significant changes, amended the Bankruptcy Code to deny discharge in a chapter 13 case if the debtor had received a chapter 7 discharge in a case filed within four years before the chapter 13 case. § 1328(f)(1), Bankruptcy Code. Mere ineligibility to receive a discharge, however, is not grounds for dismissal of a chapter 13 case but is simply one factor to be considered in determining whether the debtor's plan should be confirmed. *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272 (4th Cir. 2008).

"Good faith" in the context of chapter 13 requires that a debtor's plan not "abuse ... the provisions, purpose, or spirit" of chapter 13 and that it represent "an honest effort" to pay debts. *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982). In *Cushman*, this court held that, in addition to the specific factors identified by the Fourth Circuit in *Deans* for analyzing whether a chapter 13 plan had been proposed in good faith, the following additional factors were relevant in the chapter 20 context:

> 1. The proximity in time of the chapter 13 filing to the chapter 7 filing.
>
> 2. Whether the debtor has incurred some change in circumstances between the filings that suggests a second filing was appropriate and that the debtor will be able to comply with the terms of a chapter 13 plan.

> 3. Whether the two filings accomplish a result that is not permitted in either chapter standing alone.
>
> 4. Whether the two filings treat creditors in a fundamentally fair and equitable manner or whether they are rather an attempt to manipulate the bankruptcy system or are an abuse of the purpose and spirit of the Bankruptcy Code.

*Cushman*, 217 B.R. at 477 (footnotes omitted).

Here, the proximity in time between the two filings could not be closer: the chapter 13 was filed only four months after the chapter 7 case and only one day after the chapter 7 discharge was issued. Nor does the record suggest any change in the debtor's financial circumstances between the two filings. And it is certainly true that the two filings accomplish a result that is not permitted in either chapter alone. In chapter 7, a deed of trust against real property, even if wholly unsecured because of the amount of senior liens, cannot be stripped off by the debtor. *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir. 2001); *see Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (holding that in chapter 7 case, a claim secured by a lien against real property cannot be "stripped down" to the value of the collateral). Nor does chapter 7 provide a mechanism for curing payment defaults on a home mortgage. In chapter 13, by contrast, most courts—including the district court for this district—have held that a strip-off of a wholly-unsecured mortgage is permitted notwithstanding the prohibition on modification of a mortgage secured by the debtor's principal residence. *Wright v. Commercial Credit Corp. (In re Wright)*, 178 B.R. 703 (E.D. Va. 1995), *appeal dismissed*, 77 F.3d 472 (4th Cir. 1996).[3] And, in any event, payment defaults on a mortgage may be cured over a reasonable

---

[3] The issue is currently before the Fourth Circuit in two cases. *First Mariner Bank v. Johnson*, No. 09-2205, on appeal from *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009); *SunTrust Bank v. Millard*, No. 09-2266, on appeal from *SunTrust Bank v. Millard,* 414 B.R. 73

Case 09-20056-SSM    Doc 31    Filed 06/16/10    Entered 06/16/10 18:12:48    Desc Main
                            Document      Page 6 of 8

period of time, and the maturity reinstated, even if the creditor has accelerated the obligation. In chapter 13, however, a debtor receives a discharge only *after* completing payments under the plan, § 1328(a), Bankruptcy Code. Additionally, during the plan period, the distribution to unsecured creditors may be increased if there is a substantial unanticipated increase in the debtor's income. *Arnold v. Weast (In re Arnold)*, 869 F.2d 240 (4th Cir. 1989). Here, the debtor, by the device of first obtaining discharge of his debts (including his personal liability on the two mortgages) in chapter 7, runs no risk of having to provide for his unsecured creditors in the event financial good fortune comes his way during the plan period. The debtor's attorney provided no clear explanation of why his client did not simply file a chapter 13 petition in the first instance if, as counsel argued, the debtor's limited income would have allowed him to confirm a plan paying unsecured creditors zero cents on the dollar. That very well may be, but discharge would nevertheless have been contingent upon completion of payments under the plan. By filing chapter 7 first and securing his discharge, the debtor has turned the chapter 13 debt relief model on its head—discharge first, then payments, instead of the other way around. The only published case that appears to have squarely considered the issue, *In re Jarvis*, 390 B.R. 600 (Bankr. C.D. Ill. 2005), held as follows:

> A no-discharge Chapter 13 case may certainly be utilized to obtain the protections of the automatic stay for the purpose of proposing a plan to make payments on debts. A no-discharge Chapter 13 case may not, however, result in a permanent modification of a creditor's rights where such modification has traditionally only been achieved through a discharge and where such modification is not binding if a case is dismissed or converted. This Court can find no evidence that, by adding new § 1328(f), Congress intended to expand debtors' remedies in the way that the Debtor here proposes.

---

(D. Md. 2009).

*Jarvis*, 390 B.R. at 605-06.[4] The only difference between this case and *Jarvis* is that the plan in this case, unlike that in *Jarvis*, could not fairly be characterized as "contrived," since the debtor appears to have a genuine need to cure the default on the Ocwen mortgage if he is to keep his house, which debtor's counsel represented was the debtor's goal

B.

Be that as it may, whether the Green Tree mortgage can be stripped off and whether the plan should be confirmed are to some extent separate issues, since in this district the strip-off of a mortgage lien cannot be accomplished by plan confirmation but requires a separate adversary proceeding, with the plan simply providing the creditor, the trustee, and the court notice of the debtor's intention. In a recent opinion, this court held a creditor's objection to confirmation of a chapter 13 plan that contemplated a strip-off of its second-lien deed of trust was premature, since the plan was not the vehicle by which the strip-off would occur, and an adversary proceeding had not yet been filed. *In re Tran*, No. 10-10589-SSM, 2010 WL 2024697 *1, *2 (Bankr. E.D. Va., May 17, 2010). The court sees no reason to follow a different rule in this case. Even in the

---

[4] There is one published opinion, *In re Burnett*, 427 B.R. 517 (Bankr. S.D. Cal. 2010) disagreeing with the *Jarvis* analysis and stating, "This Court believes discharge is a desirable condition for a § 1322(b)(2) lien strip, but the Court does not have the authority to impose it." *Burnett*, 427 B.R. at 520. In the context of that case, however, the quoted language is arguably *dicta*, since there was no suggestion that the debtor was not entitled to a discharge. *Id.* at 521 ("The instant case is not a 'Chapter 20', and the Court is not aware of any reason why this debtor would not be eligible for a discharge after completion of her plan."). And the opinion went on to acknowledge that while use of chapter 13 to effect a lien strip "should only occasionally" raise a question as to a debtor's good faith both in filing the case and proposing the plan when the debtor is eligible for a discharge, the analysis "may be more exhaustive" if the debtor is not. *Id.* at 521.

absence of a strip-off of the second deed of trust,[5] the plan will provide meaningful relief to the debtor by allowing him to cure the arrears on the Ocwen deed of trust.  The debtor, it is true, would still have to deal with the Green Tree deed of trust after the case is concluded, but property values may have recovered by then, permitting a refinance, or the debtor may be able to negotiate a modification.  For that reason, the court will confirm the plan and will reserve determination of the strip-off issues until they are before the court in the context of the adversary proceeding.

Date: _____       _____
                                   Stephen S. Mitchell
Alexandria, Virginia               United States Bankruptcy Judge

Copies to:

Mohammad Khalid Khan
8101 Old Pohick Court
Lorton, VA 22079
Debtor

Nathan A. Fisher, Esquire
3977 Chain Bridge Road, #2
Fairfax, VA  22030
Counsel for the debtor

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee

---

[5] As the court noted at the confirmation hearing, there is also an issue—which the court need not resolve at this time—as to whether the a debtor who is only part owner of real property can invoke the special provisions of the Bankruptcy Code to strip off a lien against the ownership interests of both the debtor and the co-owner.  It may very well be necessary that the debtor's wife file her own chapter 13 petition if any meaningful relief is to achieved.